IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| CHARLES ALFORD, <br><br> Plaintiff, <br><br> v. <br><br> TRANSUNION LLC, <br><br> Defendant. | Civil No. 25-1569 (RMB-MJS) <br><br> **OPINION** |

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Charles Alford's Complaint and Application to Proceed *in forma pauperis* ("IFP"). [Docket Nos. 1 ("Compl."), 1-2.] Plaintiff's IFP application establishes his financial eligibility to proceed without pre-payment of fees and costs and will be granted. 28 U.S.C. § 1915.

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts may also screen and dismiss a complaint under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. *Kaplan v. Garrison*, 2015 WL 5109735, at *1 (D.N.J. Aug. 31, 2015); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (federal courts can raise lack of subject matter jurisdiction on their own at any time). Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* to remedy alleged inaccuracies in his consumer credit report prepared by Defendant TransUnion and TransUnion's subsequent failure to investigate and correct those inaccuracies when disputed by Plaintiff. Specifically, Plaintiff alleges that he reviewed a consumer report prepared by TransUnion which inaccurately reported his address, phone number, and "inclu[ded] a name … which does not belong to [him]." [Compl. at 2.] He submitted a "formal dispute letter" to TransUnion requesting investigation and correction of the inaccuracies reflected on his credit report. [*Id.* at 3.] He alleges that TransUnion failed to conduct a reasonable and timely investigation under 15 U.S.C. § 1681i(a) and "[w]illfully and negligently" continued to report the inaccurate information on his credit report. [*Id.*] Plaintiff alleges that the inaccuracies resulted in, among other things, an eviction lawsuit against him, the denial of a personal loan that could have prevented his eviction, as well as damage to his creditworthiness and financial reputation. [*Id.*]

Section 1681i of the FCRA requires consumer reporting agencies, like TransUnion, to conduct a reasonable reinvestigation of a consumer's file if the consumer disputes the "completeness or accuracy of any item of information" in the file. 15 U.S.C. § 1681i(a)(1)(A). "If, after any reinvestigation," the information disputed by the consumer "is found to be inaccurate or incomplete or cannot be verified," the consumer reporting agency must delete or modify that item of information from the file of the consumer "based on the results of the reinvestigation" and "promptly notify the furnisher

of that information that the information has been modified or deleted from the file of the consumer." *Id*. § 1681i(a)(5)(A)(i)–(ii).

"In order for [Plaintiff] to establish that TransUnion is liable for failing to reinvestigate a dispute under [§ 1681i(a)(1)(A)], [he] must establish that TransUnion had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 712–13 (3d Cir. 2010). "A reasonable investigation is 'one that a reasonably prudent person would undertake under the circumstances.'" *Ahmad v. Equifax Info. Servs. LLC*, 2023 WL 5831850, at *2 (E.D. Pa. Sept. 8, 2023) (quoting *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339–40 (3d Cir. 2022)). "To state a claim that an agency's reinvestigation was unreasonable, a plaintiff must first show that the disputed information was inaccurate or misleading." *Ahmad*, 2023 WL 5831850, at *2 (citations omitted); *Bibbs*, 43 F.4th at 344 ("[W]ithout a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail."); *Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [§ 1681i(a)(1)(A)], [a plaintiff] must show that their credit report contains inaccurate information."). "Whether an investigation is reasonable 'is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'" *Bibbs*, 43 F.4th at 340 (quoting *Cortez*, 617 F.3d at 709).

The Court will allow Plaintiff's FCRA claim to proceed past the screening stage. He alleges that his consumer report inaccurately reflected his address, phone number, and name, and that, when he disputed the accuracy of that information to TransUnion, it failed to take corrective action. [Compl. at 2.] Inaccuracies of personal information on

3

a consumer report are sufficient to state a claim under § 1681i. *See Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 796 (N.D. Tex. 2014) (denying defendant's Rule 12(c) motion on plaintiff's § 1681i claim where plaintiff complained of inaccurate birth date included on credit report); *Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 273 (S.D.N.Y. 2013) (denying defendant's motion for summary judgment on plaintiff's § 1681i claim where plaintiff established that "some of the information contained" in her credit report were inaccurate including "her birth date, the spelling of her name, and her address"). Indeed, § 1681i expressly states that "*any* item of information contained in a consumer's file at a consumer reporting agency" may be disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1)(A) (emphasis added); *Shaunfield*, 991 F. Supp. 2d at 795 (noting the same). So, because Plaintiff alleged that his TransUnion consumer report contained inaccurate personal information and that he disputed the accuracy of that information to TransUnion which failed to conduct a reasonable reinvestigation and correct or modify the inaccuracies, his claim can proceed past screening. *See Cortez*, 617 F.3d at 713. Accordingly, the Court will **GRANT** Plaintiff's IFP Application and **ORDER** the Clerk of Court to file the Complaint. An appropriate Order follows.


**March 17, 2025**
Date

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

4